[Civ. No. 15062.   Second Dist., Div. Three.   Sept. 23, 1946.]

JULIA MILLER, Respondent, v. EUGENE DUFAU, Defendant; E. M. PYLE, Appellant.

Irl Solomon for Appellant.

Edmund F. Barker and Harold S. Snow for Respondent.

SHINN, J.—This is an appeal by E. M. Pyle, doing business as Chesterfields', from a judgment which awarded plaintiff damages for personal injuries sustained when she fell over a sheet of linoleum which was stretched over a public sidewalk. Appellant's principal contentions are that there was insufficient evidence to prove that the linoleum was placed on the sidewalk by her agent, that there was no evidence that the act of placing it there was a negligent act, and that plaintiff was conclusively shown to have been guilty of contributory negligence.

Plaintiff was employed in an apartment house owned by Mr. and Mrs. Dufau. A Mrs. Haines was the manager and her duties were to collect the rents, keep the books and take care of the first floor. Mr. Dufau authorized her to put linoleum in her apartment kitchen and she purchased the linoleum in question from appellant, at the expense of Mr. Dufau. When it was delivered it was spread out upon the sidewalk by one Trejo and another linoleum layer who had brought it from appellant's store. Plaintiff left the apartment house in the middle of the afternoon, turned to her left as she reached the sidewalk in front of the building, took two or three steps, caught the toe of her shoe on the linoleum and fell. Mr. and Mrs. Dufau were made defendants, but their motions for nonsuit were granted and there is no appeal from the judgment in their favor.

The implied finding was that Trejo was an employee of appellant for the laying of the linoleum; appellant's contention is that he was employed by Mrs. Haines. There was a sharp conflict on this point between the testimony of Mrs. Haines and that of a Mr. DeGregory, appellant's manager. Mrs. Haines testified that she purchased 15 yards of linoleum and understood that it was to be laid by appellant; Mr. DeGregory testified that neither he nor any of appellant's other employees had anything to do with the laying of the linoleum. Mrs. Haines produced a sales slip for 15 yards at 89 cents and showing the addition of the figures 13.35 and .40, $13.75, and 4.50, making the total shown of $18.25, together with the words, "plus sales tax," and, in the handwriting of Mr. DeGregory, "Will pay when laid"; also on the slip were the

words, "labor, pd." and the signature "Al Trejo." Mrs. Haines testified that she paid Trejo $18.25 when he had finished laying the linoleum, and that he placed some figures on the bill and receipted it. She denied having made any arrangements with him for laying the linoleum and testified that $18.25 was the full sum she paid. Mr. DeGregory produced a sales slip showing the sale of 20 yards at 89 cents, or $17.80, tax of 53 cents, credit of 8 cents for tacks returned and a balance of $18.25. He testified that the sale was of 20 yards, which Mrs. Haines denied; that Trejo was one of several workmen whom he kept track of for the benefit of customers; that he made no arrangement with anyone for the laying of the linoleum, and that the $18.25 was the charge for the merchandise and was paid in full. All the witnesses agreed that the entire price paid was $18.25. The testimony of Mr. DeGregory was that this sum was paid exclusive of the cost of labor, but the small credit for tacks returned indicated that he had engaged Trejo to do the work and had made his settlement with him after the work was finished and after Mrs. Haines had paid Trejo in full. The court resolved this conflict in favor of the testimony of Mrs. Haines, expressing the belief that she had told the "absolute truth." Appellant failed to produce evidence that Trejo was an independent contractor, and the conclusion that he was an employee of appellant for the laying of the linoleum had support in the evidence. His act of spreading the linoleum on the sidewalk was the act of appellant.

The finding that it was an act of negligence to cover the sidewalk with the linoleum was a fair deduction from the evidence. The material had been unwound from a large roll, and stretched the entire width of the sidewalk without being held down in any manner. The condition thus created was not necessarily a safe one for pedestrians. Upon the contrary, it could be said with good reason that it was one from which injury to pedestrians should have been anticipated. The probabilities of the situation were for the trial judge to weigh, and he no doubt took into consideration the fact that plaintiff did trip over the linoleum while she was using the street in what he believed to be a careful manner. It is certain that the reasonable probabilities were not all in favor of there being no accident. The finding of negligence is therefore sustained.

Also sustained is the finding that plaintiff was not

guilty of contributory negligence. She testified that she looked at the sidewalk as she came to it and turned to the left, but that she did not see the linoleum before she tripped over it. She had taken only two or three steps when this happened. The obstruction was a most unusual one; the linoleum, according to the testimony, was nearly the color of the sidewalk, plaintiff came upon it suddenly, and it was not an object which would necessarily attract immediate attention, or constitute a conspicuous warning of danger. The circumstances in which contributory negligence is established so clearly as to admit of no reasonable difference of opinion over it are rare. Here, it was clearly a question of fact and the finding is amply sustained.

When plaintiff had rested her case, during a morning session, motions were made by the several defendants for judgments of nonsuit. The motions of the Dufaus were granted and that of appellant was denied. Counsel for appellant then moved for a continuance until the following morning upon the ground of his physical inability to proceed with appellant's defense. His motion was denied, but a continuance was granted until the afternoon session. Upon the convening of court at 2 o'clock counsel waived trial by jury and the jury was dismissed. The trial proceeded before the court, and was concluded during the afternoon session, without further request for a continuance, or evidence of any need of one. It was not an abuse of discretion to refuse a longer continuance.

Appellant claims error in the exclusion of the testimony of DeGregory as to his conversation with Mrs. Haines at the time she purchased the linoleum. It is contended that the purpose of the testimony was to prove that DeGregory did not undertake to have the linoleum laid. He eventualy testified that there was no such agreement and that he did not make any arrangement to have it laid by Trejo. The terms of the agreement of purchase were properly to be considered in determining the relationship of Trejo to the parties in the work which he performed, but DeGregory's version of them was made clear. In fact, the trial judge remarked that if he believed the testimony of DeGregory, he would have to render judgment in favor of appellant. If there was error in the rulings, it resulted in no prejudice.

Affidavits of DeGregory, Trejo, and of plaintiff's attorney were presented in support of a motion for new trial upon the ground of newly discovered evidence. The affidavit

of DeGregory consisted of mere amplification of his testimony given on the stand, and an explanation of the two sales slips. The affidavit of Trejo, who had not testified at the trial, asserted that he had made an arrangement with Mrs. Haines to lay the linoleum and had placed all the figures on her sales slip at the time she paid the bill. It nevertheless appeared from the two affidavits that Mrs. Haines had paid a total of only $18.25 for the linoleum and the labor of the men. It was not explained in the affidavit of DeGregory how he could have collected the entire sum of $18.25 as the price of the merchandise, when Trejo, admittedly, received $4.50 of it in payment for his labor. The facts stated in the affidavits were largely cumulative and the showing of inability to present them more fully at the trial was meager. There was no error in denying the motion for new trial.

The judgment is affirmed.

Desmond, P. J., and Kincaid, J. pro tem., concurred.